UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                              Plaintiff,

v.

PREMIER DEBT ACQUISITIONS LLC, et al.,

                              Defendants.

Case # 15-CV-421-FPG

DECISION AND ORDER

## INTRODUCTION

The Federal Trade Commission ("FTC") brought this action against Defendants Premier Debt Acquisitions LLC, Prizm Debt Solutions LLC, Samuel Sole and Associates, LLC, Charles Glander, and Jacob E. Kirbis, for violations of the Federal Trade Commission Act and Fair Debt Collection Practices Act. ECF No. 1. The violations arose out of Defendants' debt-collection activities. In January 2016, the Court entered a stipulated final order for a permanent injunction and settlement of claims. ECF No. 41. The final order imposes a substantial monetary judgment against Defendants, which is to be satisfied in part by assets held in receivership. The final order also contemplates that, before being applied to the judgment, assets held by the Receiver may be used to satisfy certain court-authorized payments and administrative expenses. HoganWillig PLLC—counsel for Defendants—now moves for an award of attorney's fees from the Receivership estate. ECF No. 59. The FTC opposes the motion. For the following reasons, HoganWillig's motion is DENIED.

## DISCUSSION

HoganWillig seeks a payment of $1,897.79 from the Receivership estate, arguing that such relief is appropriate because HoganWillig encouraged Defendants to cooperate with the FTC and

1

Receivership process. HoganWillig contends that, in doing so, it "indirectly facilitated the pace of this case" and ensured that the receivership "would run smoothly." ECF No. 66 at 2. The FTC responds that, procedurally, HoganWillig's request is untimely and, substantively, an award is inappropriate given Defendants' agreement in the final order to bear their own attorney's fees. *See* ECF No. 41 at 2. Having reviewed the parties' briefing, the Court declines to authorize a payment to HoganWillig from the Receivership estate for attorney's fees.

The parties appear to agree that this request falls within the Court's equitable discretion. *See, e.g.*, *FTC v. Williams, Scott & Assocs. LLC*, No. 1:14-CV-1599, 2015 WL 7351993, at *2 (N.D. Ga. Sept. 22, 2015); *FTC v. USA Fin., LLC*, No. 8:08-CV-899, 2008 WL 3165930, at *3 (M.D. Fla. Aug. 6, 2008). The circumstances of the present case weigh in favor of denying HoganWillig's request. Under the final order, any funds held by the Receiver after court-authorized payments and expenses are to be transferred to the FTC and used for equitable relief, including consumer redress. *See* ECF No. 41 at 13-14; *see also FTC v. Credit Bureau Ctr., LLC*, 284 F. Supp. 3d 907, 909 (N.D. Ill. 2018) ("[T]here is a significant interest in maintaining funds to satisfy claims by consumers."). HoganWillig identifies no countervailing interest—indeed, it proceeded with representing Defendants notwithstanding the asset freeze, thereby "assum[ing] the risk of nonpayment." *Williams, Scott & Assocs. LLC*, 2015 WL 7351993, at *3. More importantly, Defendants expressly agreed to bear their own attorney's fees as part of the final order, and the Court is not inclined to upset the accord that the parties reached to terminate this action. HoganWillig's argument regarding Defendants' cooperation with the FTC, which it concedes was in Defendants' best interests, does not persuade the Court otherwise.

## CONCLUSION

For the reasons stated herein, HoganWillig's Motion for an Order Awarding Defense Counsel Attorney's Fees (ECF No. 59) is DENIED.

IT IS SO ORDERED.

Dated: October 15, 2018
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court